IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (406) 794-8140 (HEX ESN:80C43F68) | Case No. MJ-37-GF-JTJ<br><br>**Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Morgan Kasuske, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (406) 794-8140, (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Deputy United States Marshal with the United States Marshal Service and have been since July 2010. I have a total of 5 years of experience as a federal law enforcement officer, and I have received over 600 hours of criminal investigation training. I hold a certificate of completion from the Criminal Investigator Training Program, which I completed at the Federal Law Enforcement

Training Program in Glynco, Georgia. I have testified before a Grand Jury on many occasions to secure charging documents.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within the District of Montana because law enforcement placed the phone in the Missoula, Montana, area on August 5, 2016. On August 8, 2016 law enforcement placed the phone back in the Great Falls, MT area. The Target Cellular Device's owner, JOSIE MARIE MAFFITT, was in the areas of Great Falls, Montana, and Vaughn, Montana, until approximately August 2, 2016, when she traveled to Missoula. The Target Cellular Device's owner is known to spend most of her time in the Great Falls area and was last seen in Great Falls on August 2, 2016. However, the Target Cellular Device's owner is known to have connections on the western side of Montana, to include the Missoula, Polson and Kalispell areas. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 3146(a)(1), failure to appear, have been committed, are being committed, and will be committed by JOSIE MARIE MAFFITT. There is also probable cause to believe that the location of the Target Cellular Device will constitute evidence of those criminal violations, including leading to the identification of individuals who are engaged in the commission of these offenses and identifying locations where the target engages in criminal activity.

6.  Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7.  JOSIE MARIE MAFFITT was known to be using Target Cellular Device number (406) 591-6099. However, while still keeping the original account active, she switched the aforementioned number to (406) 591-7801 on July 22, 2016. On August 5, 2016, MAFFITT again changed numbers. She is currently

using number 406-794-8140. The original number was provided to Deputy US Marshal (DUSM) Kasuske during an interview with a confidential source. The source provided additional information on MAFFITT that was determined to be accurate, including that MAFFITT was planning on fleeing the Great Falls area shortly before this happened. However, the information did not lead to MAFFITT's arrest. The Target Cellular Device is known to be used only by MAFFITT. DUSM Kasuske has followed all leads pertaining to the arrest of MAFFITT, but traditional methods of locating her have proven unsuccessful. MAFFITT has continually moved around since fleeing Federal supervision and recently fled to the Missoula, MT area. On August 8, 2016, Kasuske learned that MAFFITT had returned to the Great Falls area. MAFFITT is aware there is a Federal warrant out for her arrest and actively evading capture.

8. On June 29, 2016, a federal warrant for a violation of pre-trial release was issued by United States Magistrate Judge John Johnston in the District of Montana for JOSIE MARIE MAFFITT. MAFFITT is on release for a June 15, 2016, federal conviction for a violation of Title 21 U.S.C. 841(a)(1)—possession with intent to distribute methamphetamine. MAFFITT is currently awaiting sentencing on the aforementioned conviction. MAFFITT fled after being released on bond, and being required to follow conditions of her release, including contacting the United States Probation Office. According to the United States

Probation Office (USPO), MAFFITT has not been residing at her required address and her whereabouts are still unknown at this time.

9. On or about July 20, 2016, Criminal Investigator Deputy United States Marshal (CIDUSM) Morgan Kasuske received information from a credible source who confirmed that MAFFITT was using a cellular phone with phone number (406) 591-6099. This number was then switched to 406-591-7801 using the same account as the original number. On August 5, 2016, the number was again changed and is currently 406-794-8140. The source indicated that the source last spoke to MAFFITT on the phone using that number on or about July 18, 2016. The source had text messages in the source's phone from MAFFITT. The source also spoke to her later in the day after providing Deputy Kasuske with the phone number. MAFFITT would not reveal her location to the source. Deputy Kasuske followed up on information the source provided and determined it was accurate. However, Deputy Kasuske was unable to locate MAFFITT with the provided information.

10. Interviews with friends and family members have resulted in negative results in regards to the whereabouts of MAFFITT. It is understood that MAFFITT knows that law enforcement is searching for her and she has continued to evade them. MAFFITT has a sister who lives in the Denver, CO area and she has traveled there in the past while evading law enforcement. Two different

sources have indicated that MAFFITT was trying to get to Denver to "hide out." A query of the target number, 406-591-6099, was conducted and the phone carrier was identified as Verizon Wireless. The new numbers since then also belong to Verizon Wireless.

## MANNER OF EXECUTION

11. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

12. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that

information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

13. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

15. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

16. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

17. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

18. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

Morgan Kasuske
Deputy United States Marshal
United States Marshal Service

Subscribed and sworn to before me
On: 8/9/16

HON. JOHN T. JOHNSTON
UNITED STATES MAGISTRATE JUDGE